UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIAS RODRIGUEZ,<br><br>                    Plaintiff,<br><br>         v.<br><br>SOMERSET COUNTY SHERIFF'S<br>OFFICE, *et al.*,<br><br>                    Defendants. | Civil Action No. 24-9115 (JXN)(LDW)<br><br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Elias Rodriguez's ("Plaintiff") civil rights complaint ("Complaint"), brought pursuant to *Bivens v. Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 5). Based on his affidavit of indigence (ECF No. 5), the Court will grant Plaintiff leave to proceed *in forma pauperis* ("IFP") and will order the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

The Court construes the Complaint as raising a Fourteenth Amendment excessive force claim, asserting that Defendant Sheriff's Officer Garita ("Garita") "struck [Plaintiff] with a closed fist several times [in] the back of [the] head" while Plaintiff was handcuffed. (ECF No. 1 at 6.) Plaintiff submits Defendant Garita took Plaintiff to a separate room so Garita could assault Plaintiff

"off camera." (*Id.* at 7.) The Court has screened the Complaint in this action for dismissal and has determined that Plaintiff's excessive force claim against Defendant Garita may proceed.

However, the Complaint fails to state a claim against Defendant Somerset County Sheriff's Office, as the Sheriff's Office does not qualify as a "person" subject to suit under § 1983. *Brandon v. Holt*, 469 U.S. 464, 472 (1985) (finding county department does not have an identity distinct from the county itself.) Accordingly, Plaintiff's claim against Defendant Somerset County Sheriff's Office shall be dismissed with prejudice.

Next, Plaintiff fails to state a supervisory liability claim against Defendant Warden Tim Pino ("Pino"). The Complaint alleges only that Defendant Pino received Plaintiff's letter regarding pressing charges against Defendant Garita and informed Plaintiff that the matter was under investigation. (ECF No. 1 at 7.) The Court construes the Complaint as alleging Defendant Pino failed to respond to the assault and as raising a supervisory liability claim against Defendant Pino.

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). Here, the Complaint is devoid of facts that allege that Defendant Pino established a custom of permitting excessive force to go unpunished, with deliberate indifference to the risk of a constitutional violation by a subordinate. *Cf. Beck v. City of Pittsburgh*, 89 F.3d 966, (3d Cir. 1997) (finding multiple similar complaints within a narrow period of time sufficient to allege supervisor should have known of his subordinate's propensity for violence when making arrests). Additionally, Defendant Pino's response that the allegations

against Garita were under investigation is insufficient to establish that Pino had knowledge of and acquiesced in the assault before it took place. The Court will, therefore, dismiss Plaintiff's § 1983 claim against Defendant Pino without prejudice.

Next, Plaintiff fails to state a claim for relief against Defendant Sergeant Gandolfe ("Gandolfe") and Defendant Darrin J. Russo ("Russo"). It is unclear to the Court what claim Plaintiff is attempting to raise against Defendant Gandolfe, as the Complaint alleges only that following the incident Defendant Gandolfe took Plaintiff's complaint and photographed his injuries. (ECF No. 1 at 7.) Additionally, although Plaintiff names Defendant Russo as a defendant, the Complaint fails to allege any facts against Defendant Russo. (*See id.* at 6-8.) In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Defendant Gandolfe's involvement is limited to the taking of a complaint from Plaintiff following the incident. The Complaint fails to raise any allegations against Defendant Russo. To the extent Plaintiff brings claims against Defendants Gandolfe and Russo, they will be dismissed without prejudice because there are no facts in the Complaint showing that they were personally involved in the alleged excessive force used against Plaintiff or otherwise violated Plaintiff's civil rights.

Finally, if Plaintiff is attempting to raise a Fourteenth Amendment inadequate medical care claim following the assault, the Complaint fails to name a defendant who was responsible for or involved in Plaintiff's medical care. The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care. *Bocchino v. City of Atlantic City*, 179 F. Supp. 3d 387, 403 (D.N.J. 2016). To state such a claim, a pretrial detainee must allege: (1) a serious

medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Plaintiff neither sues a medical staff member who allegedly provided (or failed to provide) treatment nor states facts that the named Defendants participated in his medical care. Therefore, any Fourteenth Amendment deliberate indifference claim is dismissed without prejudice. Accordingly,

**IT IS** on this 6th day of December 2024,

**ORDERED** Plaintiff's IFP application (ECF No. 5) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) shall be filed; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of Morris County Correctional Facility; it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40%

deduction if there are two such cases, a 60% deduction if there are three such cases, etc. until all fees have been paid in full; it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; it is further

**ORDERED** that Plaintiff's Fourteenth Amendment excessive force claim against Defendant Sheriff's Officer Garita may **PROCEED**; it is further

**ORDERED** that (1) Plaintiff's claim against Defendant Somerset County Sheriff's Office is **DISMISSED with prejudice**, (2) Plaintiff's supervisory liability claim against Defendant Warden Tim Pino is **DISMISSED without prejudice**, (3) Plaintiff's claims against Defendants Darrin J. Russo and Sergeant Gandolfe are **DISMISSED without prejudice**, and (4) any Fourteenth Amendment deliberate indifference claim is **DISMISSED without prejudice**; it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); it is further

**ORDERED** that Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102; it is further

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshall shall serve a copy of the Complaint (ECF No. 1), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of services advanced by the United States; it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge